IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDISS C., a Minor, By and Through | : | CIVIL ACTION |
| Her Parent, DEBORAH A., | : | |
| | : | |
| AND | : | |
| | : | |
| DEBORAH A., an Adult | : | |
| Individually and on Her Own Behalf, | : | |
| All of Philadelphia, PA 19151, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| 440 North Broad Street, | : | |
| Philadelphia, PA, 19130, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | NO. |

**COMPLAINT**

## I.    Preliminary Statement

1.      This action is brought by Candiss C. ("Candiss"), a minor child with a Specific

Learning Disability, and her parent, Deborah A. ("Parent") (collectively referred to as

("Plaintiffs")), seeking compensatory education due to the failure of the School District of

Philadelphia ("District") or ("Defendant") to provide a Free Appropriate Public Education

("FAPE") to Candiss from the 1999-2000 school year through the 2004-2005 school year and

during the Summer of 2007.  This action is brought under the Individuals with Disabilities

Education Act ("IDEA"), 42 U.S.C. Section 1400 et seq.[1] and Section 504 of the Rehabilitation

Act of 1973 ("Section 504"), 29 U.S.C.A. Section 794.

## II.    Parties

---

[1] As amended, 20 U.S.C. Section 601 et seq., entitled Individuals with Disabilities
Education Improvement Act of 2004.

2.      Candiss is a sixteen year-old child whom the District has identified as eligible for special education services under the IDEA.  See 34 C.F.R. Sections 300.7 (c)(10).  Candiss has resided within the boundaries of the School District of Philadelphia at all times relevant to this Complaint.

3.      Deborah A. is Candiss's parent, and has resided with Candiss at 1329 N. Robinson Street, Philadelphia, PA 19151 in the boundaries of the School District of Philadelphia at all times relevant to this Complaint.

4.      The School District of Philadelphia, located at  440 North Broad Street, Philadelphia, PA, 19130, is the recipient of several sources of federal funds and is an educational agency designated by Pennsylvania law and the Pennsylvania Department of Education for the provision of educational services to individuals residing within its boundaries; such services include those which are mandated under IDEA as well as Pennsylvania's statutory/regulatory scheme concerning young children with disabilities.  11 P.S. Section 875-101; 22 Pa. Code Section 14.131 to 14.133; see also, e.g., 24 P.S. Chapter 13; and 22 Pa. Code Chapters 14 and 15.

III.    **Jurisdiction and Venue**

5.      This Court has original jurisdiction over this appeal pursuant to 28 U.S.C. Section 1331 because this case raises federal questions under the IDEA and Section 504.

6.      Candiss and her parent have exhausted their administrative remedies where required under 20 U.S.C. Section 1415(i), having pursued a due process hearing and filing a timely appeal to the Pennsylvania Special Education Appeals Panel.

7.      The family's claims and remedies are authorized by 20 U.S.C. Section 1415; 29 U.S.C. Section 794(a); and 28 U.S.C. Sections 2201 and 2202, providing for declaratory and any

further relief deemed necessary and proper.

8.      All of the District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  Venue is appropriate in this District pursuant to 28 U.S.C. Section 1391.

**IV.  Short and Plain Statement of Claim**

9.      On July 27, 2007, the Plaintiffs requested a special education due process hearing pursuant to 34 C.F.R. Sections 300.507(a) and 300.508 and 22 Pa Code Chapter 14.162 seeking compensatory education from the 1999-2000 school year through the 2006-2007 school year, but excluding the 2005-2006 school year, and during the Summer of 2007 for the District's failure to fulfill its Child Find obligation under the IDEA and Section 504 requiring it to timely identify Candiss as eligible for special education services under these statutes, as well as its failure to provide her with appropriate evaluations and Individualized Education Plans ("IEPs") during that period.

10.      In a written decision dated January 17, 2008, the Hearing Officer correctly determined that the District had denied Candiss a FAPE during the 2006-2007 school year and that Candiss is therefore entitled to compensatory education for that failure.

11.      However, the Hearing Officer incorrectly awarded Candiss only two hours of compensatory education per day for each school day Candiss attended school from November 1, 2006 until the end of the 2006-2007 school year.

12.      The Hearing Officer incorrectly determined that a statute of limitations applied to Plaintiffs' Child Find claims.

13.      The Hearing Officer incorrectly applied a statute of limitations to Candiss's

compensatory education claim under the IDEA and Section 504, limiting her claim to the two

year period beginning on July 25, 2005 and refusing to take evidence prior to that period.

14.   In so deciding, the Hearing Officer incorrectly placed the burden of establishing the

applicable statute of limitations on the parent.

15.    The Hearing Officer incorrectly determined that Plaintiffs failed to meet the

statutory exceptions to the time limitation addressed in the IDEA.

16.   The Hearing Officer also incorrectly determined that the continuing violations

doctrine and principle of equitable tolling do not apply to compensatory education claims under

the IDEA and Section 504.

17.   The Hearing Officer failed to award Candiss compensatory education for the

District's failure to offer her a FAPE in the form of Extended School Year services during the

Summer of 2007.

18.   On March 5, 2008, a Special Education Appeals Panel correctly reversed the

Hearing Officer's decision with regard to the amount of compensatory education due to Candiss

during the 2006-2007 school year, increasing the award to five and one half (5.5) hours per day

for each school day Candiss attended school from November 1, 2006 to the end of the 2006-2007

school year. However, the Appeals Panel erroneously affirmed the Hearing Officer's decision in

all other respects.

19.    The Plaintiffs therefore bring this action requesting review and reversal of the

Hearing Officer decision and of the Appeals Panel decision, with the exception of the Appeals

Panel's award of compensatory education from November 1, 2006 through the end of the 2006-

2007 school year, as well as a remand to the Pennsylvania Special Education Hearing Officer for

consideration of Plaintiffs' compensatory education claims from the 1999-2000 school year through the 2004-2005 school year without imposition of a statute of limitations. The Plaintiffs also seek monetary damages under the IDEA and Section 504 as a result of the District's failure to offer Candiss a FAPE  from the 1999–2000 school year through the 2004-2005 school year and during the Summer of 2007, see, W. B. v. Matula, 67 F.3d 484 (3d Cir. 1995) (compensatory damages available under IDEA and Section 504, especially where compensatory education alone is inadequate form of relief), as well as reasonable attorneys fees and costs.

WHEREFORE,  the Plaintiffs respectfully request that this Court:

1.  Assume jurisdiction over this action;

2.  Reverse the administrative Order of the Hearing Officer dated January 17, 2008 in its entirety;

3.  Reverse the administrative Order of the Appeals Panel dated March 5, 2008 inasmuch as it denied Plaintiffs' claim for compensatory education for the Summer of 2007, and order appropriate compensatory education for Extended School Year services for the Summer of 2007;

4.  Reverse the administrative Order of the Appeals Panel dated March 5, 2008 inasmuch as it affirmed the Hearing Officer's imposition of a statute of limitations period beginning on July 25, 2005, and remand this matter to a special education Hearing Officer for consideration of Plaintiffs' compensatory education claims under the IDEA and Section 504 from the beginning of the 1999-2000 school year through the 2004-2005 school year without imposition of a statute of limitations;

5.  Order appropriate monetary relief for the Defendant's violations of IDEA and Section 504;

6.   Order the Defendant to pay Plaintiffs their reasonable attorneys fees and related costs;

7.   Declare the Defendant's actions and omissions to be violative of IDEA, Section 504, and Pennsylvania law; and

8.   Grant such other relief as this Court deems proper.

Respectfully submitted,

/s/_____
Gabrielle C. Sereni, Esquire
ID# 83899

/s/ dm1143_____
Dennis C. McAndrews, Esquire
ID # 28012

/s/_____
Heather Hulse, Esquire
ID# 164134

MCANDREWS LAW OFFICES
Attorneys for Plaintiffs
30 Cassatt Avenue
Berwyn, PA
(610) 648-9300 (phone)
(610) 648-0433 (fax)